IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40022
Summary Calendar
_____


ROBERT E. PINE,

Plaintiff-Appellant,


versus


MARTY KEVIN BRUMFIELD ET AL.,

Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-95-CV-42
- - - - - - - - - -
August 26, 1996

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert E. Pine appeals the district court's dismissal of his civil rights suit for failure to state a claim. We have reviewed de novo the district court's judgment, the record, and the briefs and find no error in the district court's holding that Judge David Christian and Assistant District Attorneys Arnold Davy Davis and Brian K. Bricker are absolutely immune from suit.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Pine's due process and Fourth Amendment challenges are "inextricably intertwined" with his state court conviction for cruelty to animals and the civil forfieture of a colt.  See Pine (Approximately 15 Horses and 2 Head of Cattle) v. State, 921 S.W.2d 866 (Tex. Ct. App. 1996), writ applied for (Jul. 18, 1996).  Pine is essentially calling upon the federal courts to review the validity of the state-court decisions regarding his conviction and the forfeiture.  Under the Rooker-Feldman[**] doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."  Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 115 S. Ct. 271 (1994).  "When issues raised in a federal court are `inextricably intertwined' with a state judgment and the court is `in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction."  Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995)(citations omitted).  "The casting of a complaint in the form of a civil rights action cannot circumvent this rule."  Liedtke, 18 F.3d at 317.

We find no reversible error in the dismissal of the defendants and affirm the judgment.

AFFIRMED.

---

[**]  Rooker v. Fidelity Trust, 263 U.S. 413 (1923); Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).